UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD KAREEM SEABROOKS,

        Petitioner,        Civil No. 2:17-CV-13120
                                       Honorable Terrence G. Berg

v.

MARK MCCULLICK,

        Respondent.
_____/

**OPINION AND ORDER DISMSSING PETITION FOR WRIT OF
HABEAS CORPUS WITHOUT PREJUDICE (Dkt. 1),
DENYING MOTION TO APPOINT COUNSEL (Dkt. 2),
AND DENYING RESPONDENT'S MOTION
TO DISMISS AS MOOT (Dkt. 7)**

This matter is before the Court on Petitioner Ronald Kareem Seabrooks' petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Seabrooks challenges his convictions for first-degree premeditated murder, felony murder, assault with intent to murder, three counts of torture, three counts of unlawful imprisonment, two counts of mutilation of a dead body, and possession of a firearm during the commission of a felony. Also before the Court are Petitioner's letter-motion to withdraw his petition, Petitioner's motion for appointment of

attorney David L. Moffitt to represent him in this proceeding, and Respondent's motion to dismiss because the petition contains unexhausted claims. For the reasons set forth below, the Court denies Petitioner's Motion for Appointment of Counsel, grants Petitioner's letter-motion to withdraw his petition, and denies Respondent's Motion to Dismiss as moot.

I. **Background**

Petitioner was convicted of murder, assault with intent to murder, torture, unlawful imprisonment, mutilation of a dead body, and felony with a firearm by a Wayne County Circuit Court jury for the April 28, 2012 shooting deaths of Michael Bostick and Kyra Jordan. He was sentenced to life imprisonment for the murder convictions, 20 to 40 years for the assault with intent to murder conviction, 20 to 40 years for each torture conviction, 7 to 15 years for each unlawful imprisonment conviction, 5 to 10 years for each mutilation of a dead body conviction, and 2 years for the felony with a firearm conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals and claimed that: (1) the prosecutor failed to diligently procure witness Michael Eatmon and the trial court erred in denying a missing

witness instruction; (2) excluding Lester Lewis's statement violated Petitioner's right to present a defense; (3) the trial court was not authorized to impose $600 in court costs; (4) the prosecution committed misconduct by referencing the anticipated testimony of a co-defendant; (5) the trial court erred by failing to grant Petitioner a separate trial from his co-defendants; and (6) defense counsel was ineffective by failing to lodge specific objections and failing to investigate the case. The Michigan Court of Appeals affirmed Petitioner's convictions, *People v. Seabrooks,* No. 320320, 2015 WL 7574325 (Mich. Ct. App. Nov. 24, 2015), and the Michigan Supreme Court denied leave to appeal. *People v. Seabrooks*, 499 Mich. 969 (Mich. June 28, 2016).

On September 11, 2017, Petitioner filed a motion for relief from judgment in the trial court in which he claimed: (1) ineffective assistance of appellate counsel; (2) denial of his due process right to a 12-person jury because only 11 jurors were present for key portions of the prosecution's case; (3) denial of his right to a public trial; (4) denial of his right to a neutral decision-maker; and (5) constructive denial of counsel. The motion for relief from judgment remains pending in the trial court. On September 22, 2017, Petitioner, through counsel, filed

3

this habeas corpus petition. Dkt. 1.

## II. Discussion

Attorney David L. Moffitt filed this habeas corpus petition (Dkt. 1) on behalf of Petitioner as well as a motion for his appointment as counsel (Dkt. 2). One week later, Petitioner filed a *pro se* letter, which the Court construes as a letter-motion to voluntarily dismiss the petition.

Petitioner's letter-motion states that he did not approve the filing of this habeas corpus petition and that Mr. Moffitt filed it without his knowledge. Petitioner further explains that he filed a motion for relief from judgment in the trial court a couple of weeks before Mr. Moffit filed this habeas petition, and states he does not wish to be represented by Mr. Moffitt. Accordingly, Petitioner asks that the Court reject this habeas petition.

> Federal Rule of Civil Procedure 41(a)(2) provides:
>
> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the

4

> order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Rule 41(a)(2) is designed "to protect the nonmovant from unfair treatment." *Id*. Respondent does not oppose Petitioner's motion for voluntary dismissal and would not be unfairly harmed by a dismissal of this action without prejudice. Indeed, Respondent seeks the same relief sought by Petitioner in his Motion to Dismiss, albeit on different grounds. The Court will therefore grant the Plaintiff's letter-motion and dismiss the case without prejudice. It will also deny the Motion for Appointment of Counsel because Petitioner unequivocally indicates he is not seeking representation in this matter.

## III. Conclusion

Petitioner's letter-motion for voluntary dismissal (Dkt. 6) is GRANTED and the petition is DISMISSED WITHOUT PREJUDICE.

The Court finds that reasonable jurists would not debate the correctness of the Court's ruling. See 28 U.S.C. § 2253(c); Fed. R. App.

P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). A certificate of appealability is DENIED. Petitioner's Motion for Appointment of Counsel (Dkt. 2) is DENIED. Respondent's Motion for Dismissal of Petition for Writ of Habeas Corpus (Dkt. 7) is DENIED AS MOOT. SO ORDERED.

Dated: May 31, 2018
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on May 31, 2018, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager